UNITED STATES DISTRICT COURT
DISTRICT OF MAINE


SIMON ROSS,                    )
                               )
                               )
            Plaintiff          )
                               )        CIVIL ACTION NO.:
                               )
                               )
THE HARTFORD,                  )
                               )
                               )
            Defendant

COMPLAINT

JURISDICTION AND VENUE

   1. This Court has jurisdiction over this claim under 29 U.S.C. § 1132 (a) because the

claim is brought under the Employee Retirement Income Security Act ("ERISA")

seeking  benefits and equitable relief under a long-term disability policy, identified as

Group Control No.: 0839230, Disability Claim Case No.: 16682732.

2. Venue is proper under Rule 3(b) of the Local Rules of the United States District

Court in Bangor because  the  denial of benefits occurred in Eastport, County of

Washington.


FACTS


3.  Plaintiff worked at UPS from 10/24/2016 until 5/25/2017 as a Regulatory

Supervisor.  This position required a high degree of intellectual functioning.

1

4.  He stopped working on 5/25/2017 due to cognitive deficits resulting from a closed head injury when he fell off a ladder while doing home repairs.

5. The Hartford paid long-term benefits from 11/23/2017 through 10/31/2019.

6. The Hartford terminated the payment of benefits as of 11/1/2019.

7.  The Hartford stated the reason for the termination was that Plaintiff was no longer disabled according to the definition of disability which takes effect after the payment of 24 months of benefits.

8.  The Hartford had not yet paid benefits for 24 months when it terminated the benefits.

9. The Hartford paid benefits for nearly 24 months because, due to the disability, Plaintiff was unable to perform his own occupation.

10. Even though The Hartford terminated benefits before paying 24 months, it said Plaintiff would continue to be disabled only if he was unable to perform any occupation.

11.  The Hartford justified the termination of benefits because it postulated Plaintiff could work in alternative occupations.

12.  The Hartford did not obtain any new medical evidence from the time it began paying benefits to the time benefits were terminated.

13.  The Hartford obtained a vocational report: "Aetna Transferable Skills Analysis".

14.  None of the stated alternative occupations take into consideration Plaintiff's continuing cognitive deficits.

15.  Plaintiff is unable to perform the duties of any of the alternative occupations proposed by The Hartford because of his cognitive deficits.

16.  At the time The Hartford terminated his benefits, Plaintiff was receiving Social Security Disability Income.

17. The Hartford did not review the factual or legal bases of the award of SSDI.

18.  On 12/3/2020, Plaintiff informed The Hartford it would not be submitting new material to support his Appeal and requested The Hartford begin its Appeal review.

19.  On 12/3/2020, the deadline to decide the Appeal was 1/17/2021.

20.  By letter dated 12/8/2020, The Hartford said it started its Appeal review on 12/3/2020.

21.  By letter dated 12/28/2020, The Hartford submitted to Plaintiff three medical reports it obtained as part of its Appeal review to allow him to respond to the reports.

22.  There was no other, new material submitted by The Hartford other than the reports submitted with the 12/28/2020 letter.

23.  The Hartford did not request an additional 45 days within which to decide the Appeal before the Appeal deadline of 1/17/2021.

24.  Even if The Hartford had requested more time, it could  not be operative because there is nothing to suggest that more time was needed for reasons out of The Hartford's control.

25.  Because The Hartford did not request an extension of time within which to decide the Appeal before the Appeal deadline, Plaintiff is deemed to have exhausted administrative remedies.


COUNT I
29 U.S.C. § 1132 (a)(1)(B)

26.   Plaintiff restates paragraphs 1 through 25.

27.   The Hartford must pay to Plaintiff past long-term disability benefits because she is totally disabled according to the definition in the Plan.

28.  Plaintiff is entitled to enforce her rights under the terms of the Plan.

29. Plaintiff seeks to clarify her rights to future benefits under the terms of the Plan.

COUNT II
29 U.S.C. § 1132(a)(3)

30.  Plaintiff restates paragraphs 1 through 29.

31.  Plaintiff seeks to enjoin The Hartford from continuing to deny her benefits to which she is entitled under the Plan.

32.  Plaintiff seeks all appropriate equitable relief so as to make her whole under the terms of the Plan.

WHEREFORE,

Plaintiff seeks past, long-term disability benefits and equitable relief in a sum so as to be made whole under the terms of the plan; attorney's fees, and costs.

DATED:  February 5, 2021                    /s/ Gisele M. Nadeau
                                             55 Pleasant Ave.
                                             Portland, ME 04103
                                             207-671-0327


                                             nadeau@nadeauerisadisability.com